Filed 5/5/16  P. v. Hughley CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL FITZGERALD HUGHLEY,<br><br>    Defendant and Appellant. | 2d Crim. No. B267149<br>(Super. Ct. No. TA136381)<br>(Los Angeles County) |

Michael Fitzgerald Hughley appeals an order denying his motion to withdraw his no contest plea to human trafficking of a minor for a sexual act and mayhem.  (Pen. Code, §§ 236.1, subd. (c)(1), 203.)[1]  We affirm.

We appointed counsel to represent Hughley in this appeal.  After counsel examined the record, she filed an opening brief raising no issues.  Hughley filed a supplemental letter brief.  We briefly describe the underlying facts, the procedural history, the crimes of which Hughley was convicted, the punishment imposed, Hughley's contentions, and the reasons his contentions lack merit.  (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

Witnesses at the preliminary hearing testified that Hughley and Rommel Jones induced two girls to engage in prostitution.  Both men are members of a criminal

---

[1] All statutory references are to the Penal Code.

street gang.  The girls were 14 and 15 years old.  Hughley filmed the girls showering together.  He had sexual intercourse with one of the girls.  Jones tattooed one of the girls when Hughley was present.  An expert offered the opinion that Hughley's crimes were committed on behalf of a gang.

The information charged Hughley with 11 felony counts.  He faced a possible life prison sentence.  (§ 236.1, subd. (c)(2).)  Hughley pled no contest to one count of trafficking and one count of mayhem in exchange for a 12-year prison sentence and dismissal of three trafficking counts, two child pornography counts, two pandering counts, one mayhem count, one count of unlawful sexual intercourse with a minor, allegations that the pandering and mayhem counts were committed on behalf of a street gang, and that Hughley served three prior prison terms.  (§§ 236.1, subd. (c)(1) & (2), 311.11, subd. (a), 266i, subd. (b)(2), 203, 261.5, subd. (c), 186.22, subd. (b)(1)(A) & (C), 667.5, subd. (b).)  Hughley's sentence consisted of an eight-year midterm for trafficking and a consecutive four-year midterm for mayhem.  Hughley was advised of his rights and waived them in open court.  He said that he entered his plea freely and voluntarily.

After the court entered judgment, Hughley moved to withdraw his plea on the ground that he did not understand it and it was not what he wanted.  The court found no good cause to withdraw the plea and denied the motion.

It was Hughley's burden to demonstrate good cause to withdraw his plea by clear and convincing evidence.  (§ 1018; *People v. Williams* (1998) 17 Cal.4th 148, 167.)  Whether to permit Hughley to withdraw his plea was a matter for the sound discretion of the trial court.  (*Ibid.*)  We will not disturb its decision because Hughley does not demonstrate a clear abuse.  Hughley contends his attorney told him he would "get half time."  But the prosecutor explained on the record that Hughley would serve 85 percent of the sentence for mayhem because it is a serious and violent felony.  Hughley contends he was coerced because the prosecutor and the court told his mother he would receive a life sentence if he did not accept the plea agreement.  But Hughley told the court that neither he nor his family was coerced.  And he did face a possible life sentence.  Hughley contends he should not have been charged with mayhem because someone else tattooed

2

the victim, but he stipulated that the preliminary hearing transcript and police reports provided a factual basis for the plea.

We have reviewed the entire record and are satisfied that Hughley's attorney fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order denying the motion to withdraw the no contest plea is affirmed. NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

3

Ricardo R. Ocampo, Judge

Superior Court County of Los Angeles

_____

Correen Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.